**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
         chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Noé Acosta**, | No. |
| Plaintiff, | |
| vs. | **VERIFIED COMPLAINT** |
| **Arizona Mobile Tire Service, LLC**, an Arizona limited liability company, and **Shirley Coronado and John Doe Coronado**, a married couple, | |
| Defendants. | |

Plaintiff, Noé Acosta ("Plaintiff" or "Noé Acosta"), sues the Defendants Arizona Mobile Tire Service, LLC and Shirley Coronado and John Doe Coronado, (collectively "Defendants") and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for unpaid minimum wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; unpaid minimum wage under the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") Title 23, Chapter 2, Article 8; and

-1-

1  unpaid wages under the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 2, Article
2  7.
3      2.   The FLSA was enacted "to protect all covered workers from substandard
4  wages and oppressive working hours." <u>Barrentine v. Ark Best Freight Sys. Inc.</u>, 450 U.S.
5  728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a
6  minimum wage of pay for all time spent working during their regular 40-hour
7  workweeks. <u>See</u> 29 U.S.C. § 206(a).
8      3.   The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within
9  the State of Arizona.
10     4.   The AWA, A.R.S. § 23-350, et seq., establishes standards for wage
11 payments to employees within the State of Arizona.

## JURISDICTION AND VENUE

   5.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and
29 U.S.C. § 201, *et seq.* because this civil action arises under the Constitution and law of
the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. §
1367 because the state law claims asserted herein are so related to claims in this action
over which this Court has subject matter jurisdiction that they form part of the same case
or controversy under Article III of the United States Constitution.

   6.   Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because
acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and
Defendants regularly conduct business in and have engaged in the wrongful conduct
alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

7. At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

8. At all material times, Arizona Mobile Tire Service, LLC is a limited liability company duly licensed to transact business in the State of Arizona. At all material times, Defendant Arizona Mobile Tire Service, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

9. At all relevant times, Defendant Arizona Mobile Tire Service, LLC owned and operated as "Arizona Mobile Tire Service," a retail and wholesale tire distributor in Phoenix, AZ.

10. Under the FLSA, Defendant Arizona Mobile Tire Service, LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Arizona Mobile Tire Service, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendant in relation to the company's employees, Defendant Arizona Mobile Tire Service, LLC is subject to liability under the FLSA.

DocuSign Envelope ID: 6FFDF574-193F-4521-B86F-4F1AF4F18906
Case 2:22-cv-00074-JFM Document 1 Filed 01/14/22 Page 4 of 14

11. Defendants Shirley Coronado and John Doe Coronado are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Shirley Coronado and John Doe Coronado are owners of Arizona Mobile Tire Service, LLC and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

12. Under the FLSA, Defendants Shirley Coronado and John Doe Coronado are employers. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendants Shirley Coronado and John Doe Coronado had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the interest of Defendant Arizona Mobile Tire Service, LLC in relation to the company's employees, Defendants Shirley Coronado and John Doe Coronado are subject to individual liability under the FLSA.

13. Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

14. Defendants, and each of them, are sued in both their individual and corporate capacities.

15. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

16. At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

17. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

18. At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

19. The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

20. At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

21. At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

22. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

23. Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

24. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

25. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

26. Plaintiff, in his work for Defendant, regularly handled goods produced or transported in interstate commerce.

## FACTUAL ALLEGATIONS

27. Defendants own and/or operate as Arizona Mobile Tire Service, an enterprise located in Maricopa County, Arizona.

28. Plaintiff was hired by Defendants in approximately August 2021.

29. At all relevant times, Plaintiff worked for Defendants through approximately September, 2021.

30. At all relevant times, in his work for Defendants, Plaintiff worked as a manual laborer.

31. Defendants, in their sole discretion, paid Plaintiff $15 per hour.

32. Defendants classified Plaintiff as W-2 employee.

33. At all relevant times, Defendants paid Plaintiff on a bi-weekly basis.

34. During his final pay period of work with Defendants, Plaintiff worked two workweeks.

35. Defendants failed to compensate Plaintiff any wages whatsoever for the final two workweeks of his employment with Defendants.

36. Therefore, for the final two workweeks that Plaintiff worked for Defendants, Defendants paid Plaintiff no wages whatsoever.

37. During Plaintiff's employment with Defendants, he had worked using an Individual Taxpayer Identification Number ("ITIN").

38. In or about September 2021, Plaintiff discovered that his ITIN had expired and needed to be renewed.

39. As result of learning that his ITIN had expired, Plaintiff informed Defendants that he would no longer work for them until he renewed his ITIN.

40. In response, Defendants demanded that Plaintiff continue to work for them, despite his ITIN having expired, because they needed his labor.

41. In response, Plaintiff agreed to continue to perform work for Defendants.

42. On or around the date that Defendants were supposed to pay Plaintiff's final paycheck, Defendants refused to pay Plaintiff the wages due and owing to them, stating to Plaintiff that they would not pay him until he received a renewed ITIN.

43. Plaintiff thereafter contacted the Internal Revenue Service to expedite the renewal of his ITIN. In response, the Internal Revenue Service stated that, because of the COVID-19 pandemic, they were experiencing delays and would not be able to renew Plaintiff's ITIN for some time. However, the agent with whom Plaintiff spoke stated that his ITIN remained the same, and that he could continue to accept payment from Defendants using his otherwise expired ITIN.

44. Despite this, Defendants continued to withhold the wages due and owing Plaintiff for the final two workweeks of his employment.

45. To date, Defendants have still paid no wages whatsoever to Plaintiff for such hours worked.

46. As a result of not having paid any wage whatsoever to Plaintiff during his final two workweeks with Defendants, Defendants failed to pay the applicable minimum wage to Plaintiff.

47. As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated 29 U.S.C. § 206(a).

48. As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated the AMWA, A.R.S. § 23-363.

49. As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated the AWA, A.R.S., § 23-351.

50. Plaintiff was a non-exempt employee.

51. Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff his final paycheck would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA and the AMWA.

52. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

53. Plaintiff is a covered employee within the meaning of the FLSA.

54. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

55. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal

amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

56. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

57. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for his unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and his costs incurred under A.R.S. § 23-355.

### COUNT ONE: FAIR LABOR STANDARDS ACT
### FAILURE TO PAY MINIMUM WAGE

58. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

59. As a result of not paying Plaintiff any wage whatsoever for the final pay period of his employment, Defendant willfully failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

60. Defendant's practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

61. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Noé Acosta, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants committed one of more of the following acts:

    i. Violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a), by failing to pay proper minimum wages;

    ii. Willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by willfully failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

## COUNT TWO: ARIZONA MINIMUM WAGE ACT FAILURE TO PAY MINIMUM WAGE

62. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

63. As a result of not paying Plaintiff any wage whatsoever for the final pay period of his employment, Defendant willfully failed or refused to pay Plaintiff the Arizona minimum wage.

64. Defendant's practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violated the AMWA, 23-363.

65. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Noé Acosta, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendant committed one of more of the following acts:

    i. Violated minimum wage provisions of the AMWA, A.R.S. § 23-363, by failing to pay proper minimum wages;

    ii. Willfully violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by willfully failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

  E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

  F. Such other relief as this Court shall deem just and proper.

**COUNT THREE: ARIZONA WAGE ACT
FAILURE TO PAY WAGES DUE AND OWING**

66. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

67. As a result of the allegations contained herein, Defendants did not compensate Plaintiff wages due and owing to him.

68. Defendants engaged in such conduct in direct violation of A.R.S. § 23-350.

69. As such, unpaid wages for such time Plaintiff worked are owed to Plaintiff for the entire time he was employed by Defendants.

70. Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff over the course of his employment would violate federal and state law, and Defendants were aware of the Arizona Wage Act's requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the Arizona Wage Act.

71. Plaintiff is therefore entitled to compensation for his unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and his costs incurred.

**WHEREFORE**, Plaintiff, Noé Acosta, requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated the unpaid wage provisions of A.R.S. § 23-350, et seq., by failing to pay wages due and owing to Plaintiff;

B. For the Court to award an amount that is treble Plaintiff's unpaid wages pursuant to A.R.S. § 23-355, in amounts to be determined at trial;

C. For the Court to award prejudgment and post-judgment interest on any damages awarded;

D. For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action and all other causes of action set forth in this Complaint; and

E. Such other relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 14th day of January, 2022.

          BENDAU & BENDAU PLLC

          By: /s/ *Clifford P. Bendau, II*
          Clifford P. Bendau, II
          Christopher J. Bendau
          *Attorney for Plaintiff*

**VERIFICATION**

Plaintiff, Noé Acosta, declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and believe, and, as to those matters, he believes them to be true.

DocuSigned by:

*Noe Acosta*
A818F181E5C844C...

Noé Acosta

-14-